IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE DENHAM,

    Petitioner,                    No. 11-cv-1768 CKD P

   vs.

GARY SWARTHOUT,

                             ORDER &
    Respondent.             FINDINGS AND RECOMMENDATIONS

         Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges former Governor Arnold Schwarzenegger's October 2009 reversal of the California Board of Parole Hearings' (BPH) May 2009 finding that he was suitable for parole. (See Doc. No. 1, Part 2 at 64-75[1] (BPH's decision); id. at 88-93 (Governor's letter)). On January 25, 2010, the Alameda County Superior Court denied petitioner's state habeas petition in a reasoned opinion. (Id. at 105-108.) On May 11, 2010, the Court of Appeal for the First Appellate District summarily denied petitioner's state habeas petition, and on February 16, 2011, the California Supreme Court did the same. (Id. at 109-110.)

---

[1] Citations are to page numbers assigned by CM/ECF.

1

On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[2] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[3] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them found the prisoners had "received at least

---

[2] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[3] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1  this amount of process: They were allowed to speak at their parole hearings and to contest the
2  evidence against them, were afforded access to their records in advance, and were notified as to
3  the reasons why parole was denied." Id.

4        The Supreme Court was emphatic in asserting "[t]hat should have been the
5  beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It
6  will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty
7  interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence"
8  rule into a substantive federal requirement." Id., at 862. Thus, it appears there is no federal due
9  process requirement for a "some evidence" review and it also appears that federal courts are
10 precluded from review of the state court's application of its "some evidence" standard.

11       A review of the petition in this case demonstrates that it is entirely based on an
12 alleged violation of California's "some evidence" requirement. Thus, the petition should be
13 dismissed for the reasons discussed above.

14       Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this
15 case.

16       IT IS HEREBY RECOMMENDED that this petition be dismissed.

17       If petitioner files objections, he shall also address whether a certificate of
18 appealability should issue and, if so, as to which issues. A certificate of appealability may issue
19 under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
20 constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate
21 which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

22       These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
24 days after being served with these findings and recommendations, petitioner may file written
25 objections with the court. Such a document should be captioned "Objections to Magistrate
26 Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 3, 2011

/s/ Carolyn K. Delaney
United States Magistrate Judge

den1768.parole screening 'some evidence'.wpd